**Lauren E. TOMASIAN, p. p. a. and Thomas Tomasian, Plaintiffs,**

v.

**FORD MOTOR COMPANY, Defendant.**

Civ. A. No. 77–644–K(A).

United States District Court,
D. Massachusetts.

Jan. 26, 1981.

Edward M. Swartz, Fredic A. Swartz, Herb Hanson, Boston, Mass., for plaintiffs.

Timothy Donohue, Boston, Mass., for defendant.

## OPINION ON PLAINTIFFS' MOTION FOR NEW TRIAL

ALDRICH, Senior Circuit Judge.*

This is a diversity action for personal injuries suffered by the minor plaintiff, Lauren Tomasian, then aged five, when she fell from the rear of her parents' month-old Ford LTD Wagon and was run over by the car behind. On plaintiff's evidence Lauren was leaning against the tailgate door when the car was started up in five mile an hour bumper to bumper traffic and the door swung open. Evidence introduced by defendant was to the effect that the door did not open, and that Lauren fell out the open window. The case was submitted to the jury on the basis of breach of warranty, viz., "a duty ... to make [the car] fit for the use for which it was intended." Plaintiff did not object to this description of the warranty, but objected because the court declined to charge on negligence. The jury having found for defendant, plaintiff seeks a new trial because of this alleged error.

The fit-for-intended-use charge was expressed in absolute terms, unrelieved by any exercise of due care. Plaintiff seeks to proceed in the other direction, saying in her motion that the jury could have found that even if the door opened it was "not unreasonably dangerous. (No product can be perfectly safe) ... [but that there was] negligence of the worker who assembled the tailgate." Again, "the jury could have found Ford Motor liable for negligence failure to warn while finding no breach of warranty."

There were two latches. By defendant's concession each was designed to withstand a pressure of 2,000 pounds. To think that the jury could find that a door on a family car which opened on contact with a five year old child was fit for ordinary use, or would be with a warning, *compare Uloth v. City Tank Corp.*, 1978 Mass.A.S. 3168, —— Mass. ——, 384 N.E.2d 1188, is inconceivable. This was not a case of insufficiency of the design, or where an unobvious danger in an otherwise properly designed and constructed product required a warning, *see, in general, Back v. Wickes Corp.*, 1978, 375 Mass. 633, 378 N.E.2d 964; *Wolfe v. Ford Motor Co.*, 1978 Mass.App.A.S. 550, —— Mass. ——, 376 N.E.2d 143, *motion for further appellate review denied*, 375 Mass. 789, but was one that presented a straight question: either defendant had supplied the door promised, or it had supplied a defective one. *Cf. Greenland v. Ford Motor Co.*, 115 N.H. 564, 347 A.2d 159. There being no gain or advantage in proving negligence, to charge on concepts of fault in addition to warranty could, at best, only confuse the jury. *E. g., Chestnut v. Ford Motor Co.*, 4 Cir., 1971, 445 F.2d 967, 969.

The motion for new trial is denied.

* Sitting by designation.